# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| CANDACE WILLRICH | § | |
| | § | |
| V. | § | CASE NO. 4:14-CV-389 |
| | § | Judge Mazzant |
| GREG ABBOTT and KAMELA HARRIS | § | |

## <u>MEMORANDUM OPINION AND ORDER[1]</u>

Pending before the Court are Defendant Greg Abbott's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Dkt. #10) and Defendant California Attorney General Kamela Harris' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6) (Dkt. #11). Although Plaintiff was granted an extension of time to respond to these two motions to dismiss (Dkt. #17), Plaintiff did not file a response.

Also pending before the Court are Plaintiff Candace Willrich's Motion for Leave for Declaratory Judgment/Relief (Dkt. #51) and Plaintiff Candace Willrich [sic] Motion for Leave to File First Amended Complaint (Dkt. #41).

## BACKGROUND

In her complaint, Plaintiff alleges causes of action against Defendants Greg Abbott ("Abbott") and Kamela Harris ("Harris") both individually and in their official capacities. These are the only two named defendants, although Plaintiff alleges a variety of claims against additional state and federal agencies and employees, and other individuals.

Plaintiff "complains of harassment, intimidation tactics, invasion of privacy, stalking, slander, assault, battery, law enforcement retaliation, law enforcement failure to take police

---

[1] On October 27, 2014, the undersigned entered a report and recommendation in this case as the United States Magistrate Judge to whom this case was referred. This case is now assigned to the undersigned as the presiding United States District Judge, and this memorandum opinion and order is issued accordingly.

reports, mayhem acts against her person, intellectual property theft, cyber crimes, and civil liberties violations" (Dkt. #1 at 3). Plaintiff claims that she is harassed daily by Defendants and others acting in concert with them. *Id.* Plaintiff asserts that "Defendants are able to shoot digital signals, rays, or otherwise at Plaintiff's person, at her medical implants, at metal in her person, and at her home and personal property." *Id.* at 4. Plaintiff also asserts that Defendants refused to take police reports, are able to communicate into her home and vehicle, that Plaintiff can hear Defendants making odd comments at her, and are communicating into her home via illegal and improperly placed devices.

Plaintiff asserts claims for violation of the First Amendment and violation of the Fourteenth Amendment under 42 U.S.C. § 1983. Plaintiff also asserts claims for "irreparable harm," emotional distress, fraud, mayhem, false imprisonment, trespass to property and conversion, tortious interference with contractual and non-contractual relationships, assault, battery, gross negligence and negligence under strict liability, and "other relief" described as conspiracy damages, fraud damages, trade secret damages, copyright damages, duress and extortion damages, punitive damages, actual damages, time and materials, and other relief as deemed appropriate.

**LEGAL STANDARD**

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

*A. Motion to Dismiss for Lack of Subject Matter Jurisdiction*

Defendant moves to dismiss based on Federal Rules of Civil Procedure 12(b)(1). The Court has subject matter jurisdiction over those cases arising under federal law. U.S. Const. Art.

III § 2, cl. 1; 28 U.S.C. § 1331. A case arises under federal law if the complaint establishes that federal law creates the cause of action or the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006).

A motion under Federal Rule of Civil Procedure 12(b)(1) should be granted only if it appears beyond doubt that Plaintiff cannot prove a plausible set of facts in support of its claim. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007)). The Court may find a plausible set of facts by considering: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane,* 529 F.3d at 557 (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept all well-pleaded allegations in the complaint as true, and construe those allegations in a light most favorable to Plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss. *Ramming*, 281 F.3d at 161. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

*B. Motion to Dismiss for Failure to State a Claim*

Defendant also moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes certain defenses to be presented via pretrial motions. A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert

facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'" *Id.*

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court identifies conclusory

allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 681. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In determining whether to grant a motion to dismiss, a district court may generally not "go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). When ruling on a motion to dismiss a *pro se* complaint, however, a district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *Clark v. Huntleigh Corp.*, 119 F. App'x 666, 667 (5th Cir. 2005) (finding that because of plaintiff's *pro se* status, "precedent compels us to examine all of his complaint, including the attachments"); Fed. R. Civ. P. 8(d) ("Pleadings must be construed so as to do justice."). Furthermore, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Scanlan*, 343 F.3d at 536.

## ANALYSIS

Defendants move for dismissal of Plaintiff's official claims against them, asserting that Plaintiff's claims are barred by Eleventh Amendment immunity. The Eleventh Amendment bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity. *Perez v. Region 20 Educ. Service Center*, 307 F.3d 318, 326 (5th Cir. 2002) (citing U.S. CONST. amend. XI; *see also, e.g., Coll.*

*Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999)). "The state need not be the named party in a federal lawsuit, for a state's Eleventh Amendment immunity extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state." *Id.* Eleventh Amendment immunity also extends to state agencies and state officials. *Pennhurst State School & Hopsital v. Halderman*, 465 U.S. 89, 98 (1984). The Court agrees that the claims asserted by Plaintiff against Abbott and Harris in their official capacities are barred by Eleventh Amendment immunity, and thus, recommends that these claims be dismissed.

Plaintiff's only remaining claims are those asserted against Abbott and Harris individually. Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Defendants assert that the complaint contains no factual basis for any of the causes of action asserted against them. The Court agrees. Turning to the first step, the Court identifies conclusory allegations and proceeds to disregard them, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 681. Plaintiff's allegations against Defendants are all conclusory allegations, and are not entitled to assumption of the truth. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* There are no factual allegations in Plaintiff's complaint to plausibly suggest an entitlement to relief. The claims do not raise a right to relief above the speculative level, and do not have facial plausibility "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez,* 577 F.3d at 603. "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'" *Id.* That is precisely the case here. Plaintiff makes a variety of assertions against Defendants that are nothing more than conclusory allegations that do not allow the Court to

reasonably infer that Defendants are liable for any misconduct. Plaintiff's allegations appear to primarily be based on her belief that Defendants, as well as other individuals, are engaged in a government conspiracy to steal her intellectual property and use electrical impulses to "hit" her through medical implants placed throughout her body which are unable to be removed by a physician. These allegations are conclusory, not entitled to the assumption of the truth, and, accordingly, the Court recommends that Plaintiff's complaint be dismissed for failure to state a claim, and all claims against Abbott and Harris in their official and individual capacitates be dismissed.

Plaintiff also moves for declaratory judgment, and asks that the Defendants inform her of the following: "(1) the name(s) of the person(s) hitting her person and property; (2) what is hitting her on her head, body, and destroying her property?; (3) why have no one been arrested?" (Dkt. #51). The Court has recommended that Plaintiff's complaint be dismissed for a lack of jurisdiction and failure to state a claim, and, thus, Plaintiff is not entitled to declaratory relief. The Court recommends that Plaintiff's motion for declaratory relief (Dkt. #51) be denied.

Plaintiff also moves for leave to amend her complaint (Dkt. #41), and filed an amended complaint (Dkt. #42). Plaintiff's amended complaint seeks to add Texas Governor Rick Perry and his spouse Anita Perry, Abbott's spouse and children, and Harris' spouse and children, and seeks to add multiple additional causes of action for constitutional violations.

Federal Rule of Civil Procedure 15(a)(2) allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." "The Court should freely give leave when justice so requires." *Id.* "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

of the allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "[i]t is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000). The Fifth Circuit has interpreted "futility" to mean that the amended complaint would fail to state a claim upon which relief could be granted. *Id.* (citations omitted).

Plaintiff's motion for leave to amend is futile because her amended complaint suffers from the same deficiencies as her original complaint. Plaintiff's claims against Rick Perry, Abbott, and Harris in their official capacities are still be barred by Eleventh Amendment immunity. Further, Plaintiff's proposed amended complaint contains the same conclusory and fanciful allegations as the original complaint, and, accordingly fails to state a claim. Thus, the Court recommends that Plaintiff's motion for leave to amend be denied.

It is important to also note that Plaintiff has an extensive litigation history filing frivolous and fanciful claims against numerous federal agencies and employees, and state agencies and employees. The United States Court of Federal Claims has barred this Plaintiff from filing any further actions in that court without first obtaining leave, as a result of her filing nine actions alleging similar claims to the ones asserted in this case. *See Willrich v. United States, et al.*, No. 3:13-cv-3149-G (BH), 2013 WL 5273331, at *3 (N.D. Tex. September 18, 2013) (citing *Willrich v. United States*, Nos. 13-406C, 13-410C, 13-438-C, 13-448C, 13-449C, 13-450C, 13-451C, 13-452C, 13-453C (Fed. Cl. July 5, 2013)). Further, Plaintiff filed four similar lawsuits in the past year in the Northern District of Texas, again asserting similar claims to those asserted here. As a result, Plaintiff was warned of the imposition of sanctions, including barring Plaintiff from filing future lawsuits *in forma pauperis* without first obtaining leave to file and monetary sanctions.

See *Willrich v. United States,* No. 3:13-cv-3150-B, 2013 WL 5526719, at *2 (N.D. Tex. Oct. 7, 2013); *Willrich v. United States*, No. 3:13-cv-2670-M-BK (N.D Tex. July 17, 2013); *Willrich v. United States*, No. 3:13-cv-3116-P-BH (N.D. Tex. Aug. 9, 2013); *Willrich v. United States*, No. 3:13-cv-3149-G-BH (N.D. Tex. Aug. 14, 2013).

The Court possesses the inherent power "to protect the efficient and orderly administration of justice and… to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 19597 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period. Abuses of process are not merely not to be subsidized; they are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

As of the date of this order, Plaintiff has filed five separate civil actions in this court alleging the same or similar causes of action in each one against a variety of defendants, some of which have already been sued by Plaintiff in other courts for these exact same allegations. Accordingly, Plaintiff is hereby warned that abuses of the litigation process – such as filing frivolous cases and disregarding court orders – may result in sanctions, including monetary sanctions, and the prohibition of filing future cases except by leave of court.

**CONCLUSION**

Based on the foregoing, the Court finds that Defendant Greg Abbott's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Dkt. #10) and Defendant California Attorney General Kamela Harris' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6) (Dkt. #11) are **GRANTED**.  Accordingly, Plaintiff's claims against Defendants Greg Abbott and Kamela Harris are dismissed with prejudice.

The Court further finds that Plaintiff Candace Willrich's Motion for Leave for Declaratory Judgment/Relief (Dkt. #51) and Plaintiff Candace Willrich [sic] Motion for Leave to File First Amended Complaint (Dkt. #41) are **DENIED.**

**IT IS SO ORDERED.**

**SIGNED this 7th day of January, 2015.**


AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE